Filed 12/13/24  P. v. Serrano CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100086 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F03702) |
| v. | |
| ANDRES MOSQUEDA SERRANO , | |
| Defendant and Appellant. | |

Defendant Andres Mosqueda Serrano appeals from a resentencing order made under Penal Code section 1172.75.  (Statutory section citations that follow are to the Penal Code unless otherwise set forth.)  His appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We modify the judgment to strike two unauthorized fees and affirm the judgment as modified.

1

FACTS AND HISTORY OF THE PROCEEDINGS

Conviction and Original Sentencing

In April 1997, defendant and a companion barged into the victim's apartment and confronted him in his bedroom. A melee ensued and defendant stabbed the victim in the leg and chest with a knife while the victim tried to defend himself with a baseball bat. The victim's wounds required surgery and a three-day hospital stay.

A jury found defendant guilty of assault with a deadly weapon (§ 245, subd. (a)(1)) and found true an allegation that he had been convicted of two prior serious convictions/strikes (§ 667, subds. (a), (b)-(i)). Defendant admitted two prior prison term enhancements. (§ 667.5, former subd. (b).)

The trial court sentenced defendant to state prison for 25 years to life for the assault, plus 10 years total consecutive for the two prior serious felony enhancements and one year consecutive for the prior prison term enhancement. The other prior prison term enhancement was stayed. The court also imposed a $10,000 restitution fine (§ 1202.4, subd. (b)); a corresponding $10,000 parole revocation fine (suspended unless parole is revoked) (§ 1202.45); a $156 main jail booking fee (Gov. Code, former § 29550.2); a $32 main jail classification fee (*ibid.*); and $42,624.01 in victim restitution (§ 1202.4, subd. (f)). The court awarded 596 days of custody credit. This court affirmed the judgment on appeal. (*People v. Serrano* (Jun. 19, 2000, C030322) [nonpub. opn.].)

Recall and Resentencing

The trial court later received notice from the California Department of Corrections and Rehabilitation (CDCR) that defendant was eligible for resentencing under section 1172.75. In June 2023, the trial court appointed counsel and requested briefing.

The prosecution filed a brief asking the trial court to strike the prior prison term enhancements but otherwise leave the sentence unchanged. According to the prosecution, it was not in the interest of justice and would endanger public safety to strike

2

the prior serious felony enhancements. The prosecution noted defendant had four prior convictions, including a 1985 conviction for burglary (§ 459); a 1986 conviction for burglary (§ 459); a 1991 conviction for petty theft with a prior (§ 666); possession of a controlled substance (Health & Saf. Code, former § 11350); and a 1994 conviction for possession of a deadly weapon (former § 12020, subd. (a)). Defendant also was guilty of rule violations and earned convictions since being incarcerated, including a 2001 conviction for being a prisoner in possession of a weapon (§ 4502) and a 2016 conviction for possession of a controlled substance in prison (§ 4573.6).

During a 2020 parole hearing, the parole board found defendant was unsuitable for parole because he posed an unreasonable risk of danger or a threat to public safety. The parole board noted defendant had in-custody convictions and rule violations (including one in September 2019) and found defendant (1) was "in denial" about his criminal history and substance abuse and (2) had done "nothing" to address the causes of his conduct given his "minimal" program participation.

The prosecution also argued it was not in the furtherance of justice to dismiss defendant's prior strike, especially since the underlying crimes were violent and he was on parole at the time of the crimes.

Defendant filed a brief asking the trial court to dismiss his prior prison term enhancements and, pursuant to *Romero* (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) and section 1385, dismiss one or both of his prior strikes and both of his prior serious felony enhancements. This would result in a six-year aggregate prison sentence (the middle term of three years doubled due to the strike). According to defendant it was appropriate to strike the enhancements because (1) multiple enhancements were alleged in his case, (2) the current offense was related to prior victimization or childhood trauma, and (3) the enhancements were based on prior convictions that are more than five years old. (§ 1385, former subds. (c)(2)(A), (c)(2)(D), & (c)(2)(G).)

3

Defendant argued in addition that he had been incarcerated for 26 years and was now a 56-year-old wheelchair-bound amputee, making him less likely to reoffend or commit future violence. He had never committed an act of violence against a staff member or other inmate, and he had taken numerous victim awareness and anger management classes. He also had received counselling for sexual abuse that he suffered for seven years as a child at the hands of an older brother. His father also abused him as a child and, according to defendant, this childhood trauma caused him to develop a substance abuse disorder, which led to his criminality. He had participated in substance abuse programs and was now three years sober. Multiple prison staff members had written positive reviews on defendant's behalf. Defendant had expressed deep remorse for his actions, and he had been productive by training and working in the culinary arts since 2009. In sum, he fell outside the spirit of the Three Strikes law, and it was no longer in the interest of justice to continue to incarcerate him.

During the December 2023 recall and resentencing hearing, nearly 50 people came forward to support defendant. Turning to defendant's prior strike and serious felony enhancements, the court noted it had considered all of the documents submitted by the parties and reviewed the court file, including the probation report, this court's prior opinion, and the parole board's 2020 decision.

The trial court acknowledged that defendant now asserted that childhood trauma was a contributing factor to his criminality and the current offenses. However, the probation report noted that defendant said he had a good childhood, leading the court to believe that the alleged trauma did not contribute to defendant committing the current offenses. And, although defendant now argued he suffered from substance abuse, the trial court noted there was no evidence from any medical professional confirming defendant's diagnosis. In addition, although defendant now argued he was a changed man, the parole board had in 2020 found that defendant posed an unreasonable risk of danger or threat to public safety, especially given defendant's "extensive history" of rule

4

violations, which included some violence but mostly possession, use, and trafficking of narcotics and narcotics paraphernalia, with the most recent violation in 2019. Defendant had also suffered multiple criminal convictions since his incarceration. The court was troubled that, during the parole hearing, defendant admitted to utilizing one or more family members outside of the prison to facilitate his drug business. The court interpreted this behavior to mean defendant was willing to manipulate those people who are supposed to be his support system. Although defendant had worked toward getting sober, the current offense was "extremely serious," and defendant was on parole at the time. Given the nature and circumstances of the current offense and the prior strike offenses, defendant's additional felony convictions while in prison, and defendant's extensive prison rule violations, the court declined to strike defendant's prior strike because defendant was not outside the spirit of the Three Strikes law.

However, the court struck the two prior serious felony enhancements. The court found it was in the furtherance of justice to do so because defendant had engaged in significant self-help programming since 2020, and he had demonstrated he had a strong support system. The court also struck the prior prison term enhancements.

The court sentenced defendant to prison for 25 years-to-life. The court re-awarded the 596 days custody credit defendant had received at the original sentencing hearing plus 9,326 actual days for the time he had been incarcerated since the original sentencing hearing. The court advised CDCR would calculate defendant's additional conduct credit since the original sentencing hearing. The court also imposed "all the previously imposed fines, fees, and any restitution orders to the individual victims or the Victims of Crime fund."

Although the original abstract of judgment did not list the additional actual days of custody credit that the trial court awarded in December 2023, after appellate counsel wrote to the trial court requesting a correction, the trial court subsequently issued an order and an amended abstract that corrected the custody credits to be 9,924 total days.

The abstract of judgment also lists the $10,000 restitution fine and corresponding $10,000 parole revocation fine (suspended unless parole is revoked) but does not list any other fines or fees.

Defendant timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Our review of the record has disclosed the trial court orally imposed all fines and fees that had been previously imposed, including a $156 main jail booking fee and a $32 main jail classification fee, both pursuant to Government Code, former section 29550.2. Effective July 1, 2021, Assembly Bill No. 1869 (2019-2020 Reg. Sess.) repealed Government Code former section 29550.2. (Stats. 2020, ch. 92, § 25.) Accordingly, the trial court was without a valid basis to impose these fees, and we will modify the judgment to strike them.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to strike the $156 main jail booking fee and $32 main jail classification fee imposed pursuant to Government Code, former § 29550.2.  As modified, the judgment is affirmed.


                                                              _____

                                                              HULL, Acting P. J.


We concur:


_____
MAURO, J.


_____
BOULWARE EURIE, J.

7